CLARKE ET AL., APPELLEES, *v.* ROCKWOOD & CO., APPELLANT.*

(No. 674—Decided April 2, 1959.)

*Mr. William L. Howland, Mr. Robert K. McCurdy, Mr. William H. Horr* and *Mr. William A. Burke,* for appellees.
*Mr. Chester P. Fitch* and *Mr. Stanford Clinton,* for appellant.

GILLEN, P. J. This appeal on questions of law is directed to a judgment of the Court of Common Pleas of Scioto County, Ohio, in regard to the right of certain shareholders of The Selby Shoe Company to have the fair cash value of their stock determined pursuant to the provisions of Section 1701.85, Revised Code of Ohio (126 Ohio Laws, 432, 483).

---

*Appeal dismissed, 170 Ohio St., 7. Motion to certify the record overruled, October 7, 1959.

On October 25, 1956, a notice was sent to the shareholders of The Selby Shoe Company of a meeting scheduled to be held on November 5, 1956. The meeting was called for the purpose of considering a plan of merger of The Selby Shoe Company and its six subsidiary companies with Rockwood & Co., a corporation organized under the laws of the state of Delaware and authorized to do business in the state of Ohio. The plan of merger was adopted and, on November 30, 1956, the merger was effectuated. Certain of the shareholders, who either voted against the merger or did not vote, thereafter, instituted this action to have the fair cash value of their stock determined.

The trial court found that certain of the plaintiff shareholders were entitled to have the fair cash value of their stock determined and that the other plaintiff shareholders were not entitled to such relief. The judgment entry, in part, recites the following:

"Wherefore, it is ordered, adjudged and decreed that the following named parties plaintiff be, and they hereby are, entitled to receive the fair cash value for each of the shares of The Selby Shoe Company common stock indicated after their respective names and the defendant, Rockwood & Co., pay said fair cash value to said shareholders for each of said shares:

| | | |
|---|---:|---|
| "Bluemont Corp. | 2500 | shares |
| "Valley Supply | 1200 | " |
| "Otis Fout | 80 | " |
| "W. P. Minego | 273 | " |
| "Compon E. Sosland | 1300 | " |
| "Kit T. Sosland | 300 | " |
| "Norval B. Griffin | 225 | " |
| "Terese K. Griffin | 121 | " |
| "O. F. Price | 464 | " |
| "Charles Krick | 300 | " |
| "Mary G. Burke | 500 | " |
| "Charles M. Howland | 100 | " |
| "Beth L. Carson | 386 | " |
| "Edmund J. Kricker | 200 | " |
| "Edmund J. Kricker, Trus. | 40 | " |
| | 7989 | " " |

From that judgment defendant, appellant herein, Rockwood & Co., perfected its appeal, as did two plaintiffs, appellants herein, L. J. Vetter and Grace A. Hamm, whose claims were disallowed.

The record discloses that The Selby Shoe Company and its six subsidiaries were merged into Rockwood & Co. on November 30, 1956. The merger had been approved at a meeting held November 5, 1956, for which the record date was, by stipulation, October 25, 1956. The Rockwood merger proposal was to give one (1) share of its Class B preferred stock, selling at about $80 per share, for five (5) shares of The Selby Shoe Company stock. The demands for fair cash value from plaintiffs ranged from $30 to $35. A counter offer of $17.25 per share was made by Rockwood & Co. The shareholders concerned in this appeal either voted against the merger or did not vote. Individual demands for the fair cash value of their stock were made by Fout, Minego, Howland, Carson, Kricker and Burke. It is claimed that other shareholders made demand through Calvin Clarke as agent, attorney, and, in some instances, owner. This demand made by Clarke, as shown by plaintiffs' exhibit 1, reads as follows:

"November 14, 1956.

"The Selby Shoe Company
"1020 John and 7th Sts.
"Portsmouth, Ohio

"Sirs:

"In accordance with Section 1701.85 of the Revised Code of Ohio, demand is hereby made for the payment of the fair cash value for stock of The Selby Shoe Company, Portsmouth, Ohio, to those named below, and for the number of shares set opposite each respective name and being the number of shares owned by each:

"Calvin Clarke, 921 Gallia St.,
"Portsmouth, Ohio                         5070   shares
"2500 shares of this stock is of
"record in the name of Bluemont
"Corp. and 1200 shares is in the

"name of Valley Supply Company,
"Portsmouth, Ohio, but is beneficially
"owned by said Calvin Clarke.

| | | |
|---|---|---|
| "Melville Timms, Portsmouth, Ohio, | 100 | shares |
| "W. P. Minego, Portsmouth, Ohio, | 273 | " |
| "W. R. Dailey, Terminal Tower, | 155 | " |
| "Cleveland, Ohio, | | |
| "F. Carl Daehler, Portsmouth, Ohio, | 17 | " |
| "F. Carl Daehler, Exr., Portsmouth, | 16 | " |
| "Compan E. Sosland, 860 Board of | 1300 | " |
| "Trade Bldg., Kansas City, Mo. | | |
| "Kit T. Sosland, " | 300 | " |
| "Harry A. Levine, 3816 Gorman Ave., | | |
| "Waco, Texas | 100 | " |
| "Francis J. Ryan, Jr., 350 5th Ave., | 100 | " |
| "New York | | |
| "Norval B. Griffin, 2439 Micklethwaite | | |
| "Rd., Portsmouth, Ohio | 225 | " |
| "Terese K. Griffin, " | 121 | " |
| "Charles Krick, c/o The Sebly Shoe | | |
| "Co., Portsmouth, Ohio | 300 | " |
| "Richard D. Marting, c/o Marting | | |
| "Bros. Co., Portsmouth, Ohio | 50 | " |
| "O. F. Price, 1018 29th St., | | |
| "Portsmouth, Ohio | 464 | " |
| "L. J. Vetter, c/o Citizens Savings | | |
| "& Loan Co. | 200 | " |
| "Grace A. Hamm, 2706 Grandview Ave. | 200 | " |
| | "8991 | " |

"The foregoing stockholders hereby demand $35.00 per share be paid to each of them as the fair cash value of their stock.

"Respectfully,
"/s/ Calvin Clarke,
"Owner & Attorney."

This letter was answered by The Selby Shoe Company as follows (Defendant's Exhibit 14):

"November 26, 1956

"Mr. Calvin Clarke
"Bluemont Building
"921 Gallia Street
"Portsmouth, Ohio

"Dear Mr. Clarke:

"We are in receipt of a letter dated November 14, 1956, signed by you and addressed to The Selby Shoe Company, with respect to payment of the fair cash value of certain shares of The Selby Shoe Company. We hereby request that the shareholders deliver to The Selby Shoe Company the certificates representing said shares so that an appropriate legend may be endorsed thereon. As soon as this has been done, the certificates will be promptly returned to the shareholders.

"We also wish to notify you that The Selby Shoe Company is not willing to pay the amount claimed, but it is, however, willing to pay an amount equal to $17.25 per share for any shares of the company with respect to which the shareholder is entitled to be paid the fair cash value, subject to the consummation of the proposed merger of The Selby Shoe Company and six of its subsidiaries into Rockwood & Co.

"You understand that nothing herein referred to is to be deemed an admission as to the propriety of your letter or the right of any of the named shareholders to be paid the fair cash value of the shares listed.

"Very truly yours,
"The Selby Shoe Company
"/s/ By Carl Seskind."

In compliance with the request made, the shareholders, who were granted the right to have the fair cash value of their stock determined, delivered to the company their certificates of stock to have the proper legend endorsed thereon, and the certificates, with the proper endorsement, were returned to the owners.

Plaintiffs' right of action in this cause is authorized by the provisions of Section 1701.85, Revised Code of Ohio, effective October 11, 1955 (126 Ohio Laws, 432, 483). The requirements of this statute are: (1) That the shareholder be one of record

October 25, 1956; (2) that his shares were not voted in favor of the merger at the meeting held November 5, 1956; (3) that a written demand be served by the shareholder on the company within the specified time; (4) and that the shareholder deliver to the company his certificates for the endorsement of a legend thereon within 15 days from the request therefor. It is clear from the admissions and evidence that shareholders Otis Fout, W. P. Minego, Charles M. Howland, Mary G. Burke and Beth L. Carson, fully complied with the provisions of the statute and that they are entitled to the relief sought. It is claimed, however, that other shareholders who were granted relief by the trial court did not serve on the company a proper demand for the fair cash value of their stock. Their demand was made through Calvin Clarke, as agent, as shown by exhibit 1, *supra*. The Bluemont Corporation and Valley Supply Company were corporations, each having a board of directors. The record does not show that these companies, by action of their board of directors, officially authorized Calvin Clarke to represent them. The record shows, however, that Clarke was virtually the sole owner of both corporations and that he directed their business affairs. He represented both companies at the meeting held November 5, 1956. A short time prior thereto he served as an officer in The Selby Shoe Company. His letter dated November 14, 1956, addressed to The Selby Shoe Company in which he represented himself to be the agent of various shareholders, named therein, was accepted by the company and acted upon. In answer to this letter the company made a counter offer and requested the various shareholders to deliver their certificates of stock to have the proper legend endorsed thereon. The shareholders complied with the company's request and delivered their certificates for the endorsement. By this act the shareholders certainly recognized the fact that Clarke had acted as their representative. In the case of *Klein* v. *The United Theaters Co.*, 148 Ohio St., 306, 74 N. E. (2d), 319, decided under a former statute, the court held:

"3. There is a failure to comply with the requirements contained in Section 8623-72, General Code, and the shareholder loses his right to proceed under such section to obtain the fair cash value of his shares, where the shareholder within 20 days

after a meeting of shareholders of a corporation authorizing the sale of all or substantially all of its assets, did not personally make an objection in writing to the corporation and demand the fair cash value of his shares, and the only written objection and demand on behalf of the shareholder was made by an agent who was a stranger to the corporation and furnished no proof of his authority or agency, although the shareholder did not vote in favor of the sale.''

The statute under which that case was decided contained no provision granting a corporation the right to require shareholders who demand the fair cash value of their stock to deliver their certificates in order that the proper legend may be endorsed thereon indicating that a demand for the fair cash value had been made. The factual situation in the *Klein case, supra,* differs materially from the case at bar. In that case it was found that the person purporting to act as agent in submitting the demand for the fair cash value of the stock was a stranger to the corporation and did not act with proper authorization. The corporation promptly rejected the demand. In the case at bar the corporation did not reject the demand made until after the time within which the demand should be made had expired. The corporation, after receiving Clarke's letter, made a counter offer and requested Clarke to have the shareholders he claimed to represent deliver their certificates of stock for the purpose of having a proper legend endorsed thereon. By complying with the company's request, the shareholders were, thereafter, deprived of any right to alter their situation. Under such circumstances, we are of the opinion that the shareholders complied with the provisions of the statute and that they are entitled to have the fair cash value of their stock determined. We are further of the opinion that appellants Grace A. Hamm and L. J. Vetter failed to deliver their certificates to the corporation for the purpose of having the proper legend endorsed thereon. Having failed to comply with the statute in this respect, they are not entitled to the relief sought. We find no prejudicial error in the trial of this cause, and the judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

RADCLIFF and COLLIER, JJ., concur.